[No. 14812. Department Two. September 24, 1918.]

A. D. WILLIAMS, *Appellant*, v. THOMAS B. MOORE, *Respondent*.[1]

FRAUD—MISREPRESENTATIONS—ACTION FOR DAMAGES—EVIDENCE—SUFFICIENCY. In an action for damages for fraudulent representations, findings for defendant are sustained where there was evidence that the representations were made in good faith, and were not relied on by the plaintiff, who made his own investigation.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered November 3, 1917, upon findings in favor of the defendant, dismissing an action for damages for fraud. Affirmed.

*Danson, Williams & Danson (George D. Lantz,* of counsel), for appellant.

*E. O. Connor,* for respondent.

[1]Reported in 175 Pac. 172.

MOUNT, J.—In the fall of 1915, the plaintiff and the defendant made an exchange of certain properties. As a part consideration for the exchange, the defendant assigned to the plaintiff a claim against the Seattle-Alaska Anthracite Coal Company for $2,080.27. This claim was not paid by that company, and afterwards this action was brought to recover damages on account thereof. The plaintiff alleged, in substance, that the defendant represented to the plaintiff that the Seattle-Alaska Anthracite Coal Company was not indebted in any other sum and paid all its bills each month; that the plaintiff believed these representations and relied thereon and was thereby induced to take the claim; that the statements so made were false, and known to be false by the defendant at the time they were made; that afterwards the coal company became insolvent and a receiver was appointed therefor. These allegations were denied, and the case was tried by the court without a jury. At the conclusion of the trial the court found,

"that the said plaintiff did not rely upon the defendant's representations, but made an independent investigation of the said claims and affairs of the said company, and that the said plaintiff has failed to make a case herein and failed to show fraudulent representations, and the said plaintiff cannot recover herein."

Upon this finding the trial court dismissed the action. The plaintiff has appealed.

The point made by the appellant is that the court was in error in finding that the appellant made an independent investigation of the responsibility of the Anthracite Coal Company. This question is entirely one of fact depending upon the truthfulness of the witnesses. The court, no doubt, based his conclusions upon not only what they said, but upon their demeanor and appearance upon the witness stand. We think it

is apparent from the record that the representations made by the respondent with reference to the claim were made in the utmost good faith. There is also evidence in the record which shows that, after the representations made by the respondent, the appellant visited the president of the Anthracite Coal Company, who informed the appellant that the claim was a valid one and would be paid in due course. If the court believed this testimony the finding was correct. After an examination of the evidence, we are not convinced that the trial court was wrong in making this finding.

The judgment appealed from is therefore affirmed.

MAIN, C. J., CHADWICK, HOLCOMB, and MACKINTOSH, JJ., concur.